Barry W. Lee (State Bar No. 88,685)
*bwlee@manatt.com*
Lawrence R. LaPorte (State Bar No. 130,003)
*llaporte@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Yasser M. El-Gamal (State Bar No. 189,047)
*yelgamal@manatt.com*
Charles A. Kertell (State Bar No. 181,214)
*ckertell@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 90064
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Attorneys for Plaintiff
CORE OPTICAL TECHNOLOGIES, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CORE OPTICAL TECHNOLOGIES, LLC, a California limited liability company,

Plaintiff,

v.

INFINERA CORP., a Delaware corporation,

Defendant.

Case No.: 8:17-cv-00548

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

Plaintiff Core Optical Technologies, LLC ("Plaintiff" or "Core Optical Technologies"), by and through its undersigned counsel, files this Complaint against defendant Infinera Corp. ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for infringement of U.S. Patent No. 6,782,211, entitled "Cross Polarization Interface [sic] Canceler," which was duly issued by the United States Patent and Trademark Office on August 24, 2004 ("the '211 patent"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the claims arise under the patent laws of the United States, 35 U.S.C. §§1, *et seq.*

2. This Court has personal jurisdiction over Defendant, which conducts continuous and systematic business in California, including, upon information and belief, in this judicial district. Defendant has its principal place of business in California. Defendant also markets, manufactures, uses, offers for sale, sells, imports, and/or distributes the infringing products at issue in this case throughout the United States including, upon information and belief, within this judicial district. Further, Defendant uses, induces its customers' use of, and/or contributes to its customers' use of the infringing products at issue in this case to perform one or more patented methods of the '211 patent throughout the United States, including upon information and belief, in this judicial district.

3. Venue is proper within this judicial district under 28 U.S.C. §§1391(b) and (c) because Defendant transacts business within this judicial district, offers for sale products that infringe the '211 patent in this judicial district, and upon information and belief induces its customers to commit infringing acts in this judicial district. In addition, venue is proper because Core Optical Technologies resides in this judicial district and Core Optical Technologies has and continues to suffer harm in this judicial district. Moreover, a substantial part of the events

giving rise to this action occurred in this judicial district, including the inventive activities giving rise to the '211 patent.

**THE PARTIES**

4. Core Optical Technologies is a limited liability company organized and existing under the laws of the State of California, and has a principal place of business located at 18792 Via Palatino, Irvine, California 92603.

5. Defendant is a corporation organized and existing under the laws of the State of Delaware, and has a principal place of business located at 140 Caspian Court, Sunnyvale, California 94089.

6. At all times relevant to this lawsuit, Defendant made, used, offered to sell, sold, imported, and/or distributed infringing products throughout the United States, and used, induced its customers' use of, and/or contributed to its customers' use of the infringing products within the United States to perform one or more of the patented methods set forth in the '211 patent.

**THE ASSERTED PATENT**

7. Mark Core, the sole named inventor of the '211 patent, earned his Ph.D. in electrical and computer engineering from the University of California, Irvine, and is the CEO and President of Core Optical Technologies. The pioneering technology set forth in the '211 patent greatly increases data transmission rates in fiber optic networks by enabling two optical signals transmitted in the same frequency band, but at generally orthogonal polarizations, to be recovered at a receiver. The patented technology that enables the recovery of these signals includes coherent optical receivers and related methods that mitigate cross-polarization interference associated with the transmission of the signals through the fiber optic network. The patented coherent receivers and methods mitigate the effects of chromatic dispersion, polarization mode dispersion, and polarization dependent loss that limit the performance of optical networks, thereby greatly increasing the transmission distance and eliminating or reducing the need for a

variety of conventional network equipment such as amplifiers, regenerators, and compensators. The patented technology set forth in the '211 patent has been adopted by Defendant in at least their packet-optical transport solutions and products described below.

8. On November 5, 1998, Mark Core filed with the United States Patent and Trademark Office ("USPTO") Provisional Patent Application No. 60/107,123 ("the '123 application") directed to his pioneering inventions. On November 4, 1999, Mark Core filed with the USPTO a non-provisional patent application, U.S. Patent Application No. 09/434,213 ("the '213 application"), claiming priority to the '123 application. On August 24, 2004, the USPTO issued the '211 patent from the '213 application. The entire right, title, and interest in and to the '211 patent, including all rights to past damages, has been assigned to Core Optical Technologies in an assignment recorded with the USPTO. A copy of the '211 patent is attached as **Exhibit 1**.

## GENERAL ALLEGATIONS

9. Defendant and/or its parent, divisions, subsidiaries, and/or agents is engaged in the business of making, using, distributing, importing, offering for sale, and/or selling its DTN-X Family of network platforms including but not limited to the DTN-X XTC Series, the DTN-X XTS Series, the DTN-X XT Series, and the XTM Series platforms that embody the patented inventions disclosed and claimed in the '211 patent ("the Infringing Products"). Upon information and belief, the Infringing Products include, without limitation, Defendant's XTC-2, XTC-2E, XTC-4, XTC-10, XTS-3300, XTS-3600, XT-500, XT-3300, XT-3600, XTM-301/II, XTM-3000/II, XTM-102/II, Cloud Xpress, and Cloud Xpress 2 platforms, as well as any of Defendant's other products that incorporate its FlexCoherent technology.

10. Additionally, upon information and belief, the only use of certain components of the Infringing Products, such as the FlexCoherent Processor, is to perform one or more of the claimed methods of the '211 patent.

## CLAIMS FOR RELIEF

11. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-10, inclusive, of this Complaint with the same force and effect as if set forth at length herein.

12. Defendant has directly infringed, and continues to directly infringe, one or more claims of the '211 patent (including, but not limited to, claim 15, and upon information and belief claims 30, 33, 35, and 37) under 35 U.S.C. §271(a) by making, having made, using, offering for sale, and/or selling directly and/or through intermediaries, in this district and/or elsewhere in the United States, one or more of the Infringing Products, and/or by importing into the United States one or more of the Infringing Products.

13. Defendant has indirectly infringed, and continues to indirectly infringe, the '211 patent under 35 U.S.C. §271(b) by knowingly and actively inducing infringement of one or more claims of the '211 patent (including, but not limited to, claims 30, 33, 35, and 37). Upon information and belief, Defendant had knowledge of the '211 patent from a time prior to the filing of this Complaint. For example, upon information and belief, Defendant had knowledge of the '211 patent as a result of the filing of Core Optical Technologies' Complaints for infringement of the '211 patent in: (1) Central District of California Case No. SACV 12-1872 AG, styled *Core Optical Technologies, LLC v. Ciena Corporation, et al.*; and (2) Central District of California Case No. SACV 16-0437 AG, styled *Core Optical Technologies, LLC v. Fujitsu Network Communications, Inc.* Defendant has actively and knowingly encouraged and induced infringement of one or more claims of the '211 patent, for example, by instructing, aiding, assisting, and encouraging the use of one or more of its Infringing Products in an infringing

manner, and by selling one or more Infringing Products that have no non-infringing uses to customers who, in turn, use them to perform one or more of the patented methods disclosed and claimed in the '211 patent. The direct infringers of the '211 patent that are being induced by Defendant include its customers that use the Infringing Products.

14. Defendant has also indirectly infringed, and continues to indirectly infringe, one or more of the claims of the '211 patent (including, but not limited to, claims 15, 30, 33, 35, and 37) under 35 U.S.C. §271(c) through, among other things, unlawfully selling or offering to sell within the United States, or importing into the United States, one or more of the Infringing Products, which products constitute a material part of the claimed inventions of the '211 patent, which Defendant knows to be especially made or especially adapted for use in infringement of the '211 patent, and which are not staple articles or commodities of commerce suitable for substantial non-infringing use. The direct infringers for Defendant's contributory infringement under 35 U.S.C. §271(c) include, without limitation, its customers and users of the Infringing Products.

15. Defendant's infringement of the '211 patent has caused, and will continue to cause, significant damage to Core Optical Technologies. As a result, Core Optical Technologies is entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. §284. Core Optical Technologies is also entitled to recover prejudgment interest, post-judgment interest, and costs.

16. Upon information and belief, although Defendant had knowledge of the '211 patent before the filing of this Complaint, Defendant has nevertheless continued to directly and indirectly infringe the '211 patent, despite an objectively high likelihood that its actions constitute infringement of the '211 patent. Accordingly, Defendant's infringement has been and continues to be willful, and Core Optical Technologies is entitled to enhanced damages under 35 U.S.C. §284.

17. As a result of Defendant's infringement of the '211 patent, Core Optical Technologies has suffered irreparable harm and impairment of the value of its patent rights, and is now suffering, and will continue to suffer, the violation of its patent rights unless and until Defendant is permanently enjoined by this Court from infringing the '211 patent under 35 U.S.C. §283. Plaintiff has no adequate remedy at law and is entitled to a permanent injunction against Defendant and its Infringing Products.

18. This case is an "exceptional" case within the meaning of 35 U.S.C. §285, and Core Optical Technologies is entitled to an award of attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Core Optical Technologies prays for relief as follows:

1. Judgment be entered in favor of Core Optical Technologies against Defendant;

2. Core Optical Technologies be awarded compensatory damages for infringement of the '211 patent, in an amount to be determined at trial, as well as interest thereon;

3. Core Optical Technologies be awarded costs of the suit;

4. Defendant and is customers be permanently enjoined from infringing the '211 patent (directly and/or indirectly), including being permanently enjoined from inducing others to infringe the '211 patent;

5. The Court determines that Defendant's infringement is willful, and that Core Optical Technologies is entitled to collect enhanced damages up to three times the actual damages found or assessed;

6. The Court declare this an exceptional case under 35 U.S.C. §285 and award Core Optical Technologies its attorneys' fees and any other costs incurred in connection with this action; and

7. The Court grant such further relief as the Court deems just and proper.

Dated: March 24, 2017

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Lawrence R. LaPorte*
*Lawrence R. LaPorte*

Attorneys for Plaintiff
CORE OPTICAL TECHNOLOGIES, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1 of the Central District of California, plaintiff Core Optical Technologies, LLC hereby demands a trial by jury on all issues triable in this action.

Dated: March 24, 2017

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Lawrence R. LaPorte*
*Lawrence R. LaPorte*

Attorneys for Plaintiff
CORE OPTICAL TECHNOLOGIES, LLC