**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No. **SACV 17-0548-AG (JPRx)** Date: **March 7, 2018**

Title: **Core Optical Techs. v. Infinera Corp.**

============================================================

**DOCKET ENTRY: Order re Motion to Compel Further Responses to Interrogatories**

============================================================

PRESENT:

**HON. JEAN P. ROSENBLUTH, MAGISTRATE JUDGE**

Bea Martinez — Deputy Clerk
n/a — Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF: None present

ATTORNEYS PRESENT FOR DEFENDANT: None present

**PROCEEDINGS: (IN CHAMBERS)**

On January 20, 2018, Plaintiff moved to compel further responses to interrogatories. Defendant filed opposition on February 1, and Plaintiff filed a reply on February 8. The Court held a hearing on February 22 and ruled on most of the disputed discovery requests but took the motion as to interrogatories 1, 2, 6, and 8 under submission. The Court now rules as follows, considering and addressing only those arguments and objections raised in the briefing, and only to the extent the Court did not already reject the argument or objection during the hearing:

Interrogatory 1: The motion to compel is GRANTED. First, as discussed at the hearing, many of Defendant's objections to the interrogatory are based on a grammatically questionable reading of Plaintiff's definition of "Dual Polarization Product." (See Opp'n at 12-13.) As Plaintiff confirmed at the hearing, the definition limits the products it covers to those that are "capab[le] [of] communicat[ing] over a fiber optic link using a dual polarization modulation scheme." (See LaPorte Decl., Ex. 1 at 3.) Those objections that center on claims that the interrogatory seeks information that is irrelevant and overly broad, then, are overruled. Plaintiff has identified the type of product and infringing characteristic at issue "with requisite specificity." See Tesseron, Ltd. v. R.R. Donnelley & Sons Co., No. 1:06 CV 2909, 2007 WL 2034286, at *3 (N.D. Ohio July 10, 2007).

Defendant's argument that Plaintiff is not entitled to any information concerning

products other than those it has already accused of infringement and charted is not supported even by the authority upon which it relies. In Tesseron, 2007 WL 2034286, at *1, the court recognized that "a party claiming patent infringement may obtain discovery of unidentified and unaccused systems under certain circumstances," including when the products at issue are unduly expensive, as is the case here. See id. at *4. And Tesseron recognized that the other case on which Defendant relies, Honeywell Int'l Inc. v. Audiovox Comms. Corp., No. Civ. A. 04-1337-KAJ et al., 2005 WL 3988905 (D. Del. Oct. 7, 2005), "was signficantly driven by case-management considerations," including that Honeywell "could purchase on the market the products" potentially at issue, see 2007 WL 2034286, at *4, which Defendant does not dispute is not true here. Based on the authority cited by Plaintiff at page 5 of its Reply, the Court agrees that Defendant must answer Interrogatory 1 as it was posed.

Accordingly, no later than seven days from the date of this Order, Defendant must serve a complete, verified supplemental response to Interrogatory 1 as written. For the reasons stated on the record at the hearing, Defendant has waived the right to respond through Federal Rule of Civil Procedure 33(d). To the extent Defendant's answers to other interrogatories depend on its answer to number 1, it must supplement its answers to those interrogatories within the same time frame.

Interrogatories 2, 6, and 8: The motion to compel is GRANTED IN PART. Defendant primarily objects to these interrogatories on the ground that they are premature contention interrogatories. It is generally the case that contention interrogatories need not be answered until discovery is "substantial[ly] complet[e]." See Folz v. Union Pac. R.R., No. 13-CV-00579-GPC-(PCL), 2014 WL 357929, at *1 (S.D. Cal. Jan. 31, 2014); Fed. R. Civ. P. 33(a)(2). Plaintiff argues that in the context of patent litigation, however, as well as the specific facts of this case, it needs earlier answers to the contention interrogatories at issue.

As an initial matter, Defendant is correct that it cannot identify "all" documents or provide "all" information in responses to the interrogatories at this time, while discovery is ongoing. Thus, that objection is sustained. Defendant will obviously

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**



need to supplement its answers after discovery is substantially complete. But once again, the cases upon which Defendant relies to avoid providing any response before that time do not support its position. As Plaintiff notes, 24/7 Customer, Inc. v. Liveperson, Inc., No. 15-cv-02897-JST(KAW), 2016 WL 4054884, at *2 (N.D. Cal. July 29, 2016), turns in no small part on a "burden of justification" "this district" – that is, the Northern District of California – places on the party posing the contention interrogatories. No such burden exists in this district of which the Court is aware. Moreover, unlike in 24/7, Defendant is "now equipped to meaningfully respond" given that the patent in issue has already had a claim construction in prior litigation, by the same District Judge. Id. This case is also dissimilar to 24/7 in the number of claims involved — there, 122 were at issue, whereas here there are many fewer. See id. at *3. Finally, at this point this case is procedurally more advanced than in 24/7, in which the parties' joint claim- construction statement had not yet been filed. Id. at *1. Under Judge Guilford's Standing Patent Rules and his scheduling order, the parties have already submitted their Joint Claim Construction and Prehearing Statement, claim-construction discovery is complete, see S.P.R. 3.3, and claim-construction briefing is imminent. (See generally LaPorte Decl., Ex. 7.) Defendant itself ties noninfringement contention interrogatories to claim construction (see Opp'n at 18 n.9) and thus has arguably conceded that the relevant discovery is complete.

Accordingly, the Court concludes that Defendant should be required to answer the interrogatories to the best of its ability (and to provide another supplemental answer to each interrogatory no later than when discovery is "substantially complete"; discovery will not be substantially complete at least until the parties' depositions have taken place). Thus, Defendant is ordered to serve supplemental responses to interrogatories 2, 6, and 8 no later than March 28, which is after the opening claim-constructions briefs will have been filed. See HTC Corp. v. Tech. Props. Ltd., No. CO8-00882 JF (HRL), 2011 WL 97787, at *3 (N.D. Cal. Jan. 12, 2011) (ordering supplemental responses to noninfringement contention interrogatories to be served by 30 days after filing of parties' Joint Claim

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**



---

Construction and Prehearing Statement).[1] Defendant must identify the documents responsive to the interrogatories by specific Bates-stamp numbers and should do so not in reference to Rule 33(d) but in response to the interrogatories as posed. In other words, Defendant should provide a narrative response to the interrogatories, which includes identifying "documents that Infinera claims supports its contentions."

cc: Judge Guilford

---

[1] Defendant is thus incorrect that <u>HTC</u> required the Defendant to "supplement its responses to [the contention] interrogatory within 30 days of the Court's claim construction order." (Opp'n at 22.)